Steven C. Wolan (State Bar No. 56237)
Timothy P. O'Donnell (State Bar No. 185492)
PATTONsWOLANsCARLISE, LLP
1999 Harrison Street, Suite 1350
Oakland, CA  94612-3582
Telephone:   (510) 987-7500
Facsimile:   (510) 987-7575

Attorneys for Defendants NICA, INC. and
THOMAS MCGRATH and MARK O'CONNOR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROFESSIONAL COURIER & LOGISTICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>NICA, INC., and THOMAS MCGRATH and MARK O'CONNOR and DOES 1-25,<br><br>Defendants. | Case No.: 2:12-cv-00054-JAM-EFB<br><br>**ORDER AFTER HEARING GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>DATE:             March 7, 2012<br>TIME:              9:30 a.m.<br>JUDGE:           Hon. John A. Mendez<br>COURTROOM:  6<br><br>Complaint Filed:   September 26, 2011 |

Pending before this Court is Defendants NICA, Inc., Thomas McGrath, and Mark O'Connor's motion to dismiss for improper venue and McGrath's motion to dismiss for lack of personal jurisdiction. Having reviewed and considered the moving, opposition, and reply papers, and all papers filed in support thereof, as well as the arguments of counsel, the Court issues this Order.

**I.   INTRODUCTION**

Defendants NICA, Inc., Thomas McGrath, and Mark O'Connor's (collectively "Defendants") move to dismiss this case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). *See* Docs. 5 & 6 filed January 18, 2012. Defendants argue that a forum selection clause contained in a contract between NICA, Inc. and Plaintiff Professional Courier & Logistics, Inc. ("Plaintiff" or "PC&L") controls venue. Defendant McGrath moves to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). *See* Docs. 5 & 6. McGrath asserts that his domicile

PDF created with pdfFactory trial version www.pdffactory.com

1  is outside of California and he does not have the requisite minimum contacts with California for the
2  Court to obtain personal jurisdiction over him.
3   Plaintiff originally filed this case in El Dorado County Superior Court alleging causes of action
4  for breach of contract and general negligence against NICA and McGrath, and professional negligence
5  against O'Connor.  Defendants removed the action to this Court on diversity grounds pursuant to 28
6  U.S.C. §§ 1441 and 1446.  *See* Doc. 1 filed January 9, 2012.
7   Defendants filed the present motions on January 18, 2012.  *See* Docs. 5 & 6.  Defendants
8  submitted a declaration by McGrath with their moving papers.  *See* Doc. 7.  Plaintiff filed an
9  opposition that included a request for judicial notice of three documents concerning McGrath and an
10 alleged criminal conviction in San Diego County.  *See* Docs. 9, 9-2, & 9-3.  Plaintiff also submitted
11 the declaration of Mark Carson that related only to McGrath's motion.  *See* Doc. 9-1.  Defendants'
12 reply papers included an objection to the Plaintiff's request for judicial notice.  *See* Docs. 10 & 12.
13  The hearing regarding the motions to dismiss was held on March 7, 2012.  Timothy O'Donnell
14 of Patton**s**Wolan**s**Carlise appeared for Defendants.  John Pereira of the Law Offices of John David
15 Pereira appeared for Plaintiff.

16 **II.    FACTUAL BACKGROUND**

17  The facts relevant to the motions are not in dispute.  NICA, Inc. is a company incorporated and
18 headquartered in Massachusetts.  McGrath, a Massachusetts resident, is the President of NICA.
19 Defendant O'Connor ("O'Connor"), also a resident of Massachusetts, was employed by NICA as an
20 attorney.
21  In December, 2000, NICA and PC&L entered into an agreement ("Agreement") that contained
22 a forum selection clause.  The form selection clause provided:
23      20.    CHOICE OF FORUM.  It is understood and agreed by the
24      parties hereto that the validity of this Agreement and the parties'
25      performance or their respective obligations thereunder shall be governed
26      by the applicable law of the Commonwealth of Massachusetts.  Should it
27      become necessary for the parties hereto to litigate their rights,
28

ORDER AFTER HEARING GRANTING DEFENDANTS' MOTION                    (Case No.: 2:12-cv-00054-JAM-EFB)
TO DISMISS FOR IMPROPER VENUE

PDF created with pdfFactory trial version www.pdffactory.com

obligations and duties thereunder, the parties agree to litigate in the state courts of Massachusetts.

Despite this clause, when a dispute arose between NICA and PC&L, PC&L proceeded to file the lawsuit against Defendants in El Dorado County Superior Court rather than in Massachusetts.

## III.  LEGAL STANDARD

### A.  Plaintiff's Request for Judicial Notice

Fed. R. Evid. 201 provides that a party may request that the Court take judicial notice of a fact where the fact is not subject to reasonable dispute because the fact can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). The party requesting judicial notice must provide the Court with "the necessary information" to enable the Court to decide whether judicial notice is appropriate. Fed. R. Evid. 201(c)(2). Thus, a party seeking judicial notice must lay a proper foundation for the document and provide the proper authentication. *See*, *Jasso v. Citizens Telecomms. Co. of Cal., Inc.*, 2007 U.S. Dist. LEXIS 4771 at *6-*9 (E.D. Cal. 2007) (denying request for judicial notice where party seeking judicial notice failed to provide an adequate basis for the court to take judicial notice of any of the materials submitted in the their requests).

Here, it appears that all three documents for which Plaintiff requests judicial notice were taken from internet websites. The request for judicial notice does not authenticate or lay a foundation for the documents. The documents are not certified criminal court records. Accordingly, the Court sustains Defendants' objections to these documents and denies Plaintiff's request for judicial notice.

### B.  Motion to Dismiss For Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a)

Fed. R. Civ. P. 12(b)(3) governs a motion to dismiss premised on the enforcement of a forum selection clause. *Argueta v. Banco Mexicano. S.A.* ("*Argueta*"), 87 F.3d 320, 324 (9th Cir. 1996); *see also Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 851 (9th Cir. 1997) ("We treat dismissal based on a forum selection clause like a dismissal for improper venue under Rule 12(b)(3)"). When deciding a motion to dismiss pursuant to Rule 12(b)(3), the Court need not accept the pleadings as true, and the Court may properly consider facts outside the pleadings. *Argueta*, 87 F.3d at 324.

28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." When the venue is challenged, the plaintiff bears the burden of establishing that the venue selected is proper. *Koresko v. Realnetworks, Inc.*, ("*Koresko*") 291 F.Supp.2d 1157, 1160 (E.D. Cal. 2003).

C.   Forum Selection Clause

Parties to a contract may use a forum selection clause to designate the forum where litigation is to take place, and litigation commenced in a forum other than that selected may be subject to dismissal for improper venue. *See, e.g., Carnival Cruise Lines v. Shute*, 499 U.S. 585, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991); *Spradlin v. Lear Siegler Mgt. Services*, 926 F.2d 865, 866 (9th Cir. 1991); *TAAG Linhas Aereas de Angola v. Transamerica Airlines*, 915 F.2d 1351 (9th Cir. 1990).

A forum selection clause can benefit non-parties to the contract and can be applied to tort claims. *Manetti-Farrow, Inc. v. Gucci, Am., Inc.*, 858 F.2d 509, 513-514 and n. 5 (9th Cir. 1988). Where the alleged conduct of the non-parties is closely related to the contractual relationship, the forum selection clause applies to all defendants." *Id.* at 514.  Additionally, a forum selection clause applies to tort claims when the resolution of the claims relates to interpretation of the contract. *Id.* Claims relate to interpretation of a contract where the claims relate "in some way to rights and duties enumerated" or "[t]he claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract." *Id.*

A forum selection clause is "prima facie valid" and should not be set aside unless the party challenging enforcement demonstrates that the clause is "invalid" or that its enforcement would be "unreasonable." *Koresko*, 291 F.Supp.2d at 1160. The Ninth Circuit has held that the forum selection clause should be enforced absent evidence submitted by the party opposing enforcement of the clause establishing fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive the party of a meaningful day in court. *Argueta*, 87 F.3d at 324 (citing *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984); *Koresko*, 291 F.Supp.2d at 1160. Additionally, a contractual forum selection clause is

PDF created with pdfFactory trial version www.pdffactory.com

unenforceable if enforcement would contravene a strong public policy of the forum in which the lawsuit is brought, whether declared by statute or by judicial decision. *Argueta*, 87 F.3d at 325.

"A forum selection clause will be enforced where venue is specified with mandatory language. However, if the language of the forum selection clause is non-mandatory, the forum selection clause will not preclude suit elsewhere . . . When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Koresko*, 291 F.Supp.2d at 1161 (int. cit. omit.).

*Koresko* analyzed the holdings of several Ninth Circuit cases that examined mandatory versus permissive forum selection clauses. One of the cases *Koresko* analyzed was *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987), a case cited frequently in forum selection clause cases. In *Hunt*, the agreement said that "the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract, and the courts of California, County of Orange, shall have jurisdiction over the parties in any action." *Id.* at 76. The court in *Hunt* found that this did not indicate exclusive jurisdiction and was unenforceable. *Id.* at 78. The court in *Koresko* found the forum selection clause at issue to be mandatory because it stated that the state courts of Washington had "exclusive jurisdiction." *Koresko*, 291 F.Supp.2d at 1163.

In *Guenther vs. Crosscheck, Inc.*, 2009 U.S. Dist. LEXIS 41470 (N.D. Cal. 2009), the forum selection clause stated that "this agreement shall be governed and construed in accordance with the laws of the State of California. The parties agree that any action arising out of the negotiation, execution, or performance of the terms and conditions of this agreement shall be brought in the courts of Sonoma County, California." The court in *Guenther* found this to be mandatory, noting that the plain language requires litigation in the state courts of Sonoma County, and comparing the agreement at issue to the agreement in *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989). In *Docksider*, the Ninth Circuit ruled that a forum selection cause which stated that "licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester, Virginia" was mandatory. *Id.*

When the proper forum is a state court, upon the determination that the case was not brought in the proper forum, the court's only option is to dismiss the case. *Salovaara v. Jackson Nat'l Life Ins.*

---

*Co.*, (3d Cir. 2001) 246 F.3d 289, 298 (when a forum selection clause specifies a non-federal forum, transferring the case is not an option and dismissal is proper).

## IV.   ANALYSIS

The Court agrees with Defendants that the forum selection clause in the Agreement is mandatory. The specific language of the forum selection clause is "the parties agree to litigate in the state courts of Massachusetts." However, that sentence, along with the sentence that precedes it that "the validity of the agreement shall be governed by the applicable laws of Massachusetts," in this Court's view, shows a clear intent that the state courts of Massachusetts should be the exclusive forum for litigation.

Although not binding, the Court finds *Holm v. Art Leather Mfg., Inc.*, 2006 U.S. Dist. Lexis 38927 (D. Minn. 2006) to be instructive. In *Holm*, the forum selection clause stated that in the event of a dispute, "the parties agree to submit the same to the United States Courts in the State of New York." The court found this to be mandatory because "implicit in an agreement to submit a dispute to a particular forum, as the parties have done in this case, is an agreement that the named forum is the exclusive forum in which the dispute can be pursued consistent with the parties' agreement." Here, as in *Holm*, there is an explicit agreement to litigate in a specified forum. The language is sufficient to show a mandatory agreement to litigate exclusively in the state courts of Massachusetts.

In arguing that the forum selection clause is permissive and not mandatory, Plaintiff asserts that the clause is not mandatory because it does not indicate that the state courts of Massachusetts have exclusive jurisdiction. However, as Defendants correctly point out, jurisdiction and venue are different concepts. *SEC v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("the question of whether the court can exercise personal jurisdiction over a party is distinct from the question of whether venue will properly lie in the court exercising jurisdiction."); *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1178-1179 (9th Cir. 2004) ("It has long been recognized that the question of a federal court's competence to exercise personal jurisdiction over a defendant is distinct from the question of whether venue is proper."). Therefore, a forum selection clause does not need to use the word "jurisdiction" in order to be deemed mandatory.

ORDER AFTER HEARING GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE   (Case No.: 2:12-cv-00054-JAM-EFB)

PDF created with pdfFactory trial version www.pdffactory.com

1  The determination that the forum selection clause is mandatory shifted the burden to Plaintiff to show that it would be unreasonable to enforce the clause. In arguing against enforcement of the forum selection clause, Plaintiff urged that the Court's analysis should be guided by the factors used to determine a transfer of venue pursuant to 28 U.S.C. § 1404(a). According to Plaintiff, the factors in 28 U.S.C. § 1404(a) are similar to and underlie the analysis of both a transfer of a case and a court's refusal to enforce a forum selection clause. However, Plaintiff offered no legal support for this argument.

Numerous authorities set forth the correct factors for analyzing enforcement of a forum selection clause, and they are clearly different from the factors in 28 U.S.C. § 1404(a). In its opposition, Plaintiff did not analyze fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, or public policy, all of which are the correct factors for determining whether enforcement of the forum selection clause would be unreasonable in this case. *See, Argueta*, 87 F.3d at 324-325. Indeed, parties opposing the enforcement of a forum selection clause have a "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Id.* at 425.

In the course of analyzing the 1404(a) factors, Plaintiff did argue (although without any supporting evidence) that litigation in Massachusetts would be more costly for it than litigation in California due to the expense of flying witnesses to Massachusetts for depositions and trial. That alone is, however, insufficient to meet Plaintiff's "heavy burden" to show that enforcement of this forum selection clause would be unreasonable and fundamentally unfair. As Defendants note, Plaintiff has not done this. Plaintiff's opposition brief states in a footnote that venue is proper in this court but offers nothing more. Without any evidence demonstrating the presence of fraud, undue influence, overweening bargaining power, serious inconvenience, or public policy sufficient to bar enforcement of the forum selection clause, Plaintiff has failed to meet its heavy burden.

**V. CONCLUSION**

Based on the foregoing analysis, the Court concludes that the Agreement's forum selection clause is mandatory and requires that litigation between Plaintiff and Defendants be brought in the

PDF created with pdfFactory trial version www.pdffactory.com

state courts of Massachusetts.  The Court further concludes that Plaintiff has not shown that it would be unfair to litigate the claim in Massachusetts.  Accordingly, for the reasons discussed herein, Defendants' motion to dismiss for improper venue is GRANTED.  Since the Court grants Defendants' motion to dismiss for improper venue, the Court finds it unnecessary to reach the personal jurisdiction issue concerning Mr. McGrath.

Therefore, IT IS ORDERED that Plaintiff's complaint be dismissed.

Dated:   April 2, 2012                                    /s/ John A. Mendez
                                                          Hon. John A. Mendez
                                                          United States District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com